UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICHAEL BECK, <br> Petitioner, <br> v. <br> PATRICK COVELLO, Warden, <br> Respondent. | Case No. 20-cv-01894-YGR (PR) <br><br> **ORDER OF DISMISSAL** |

I.     **INTRODUCTION**

Petitioner, a state prisoner at Mule Creek State Prison, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a $10,000 restitution fine entered by the Contra Costa County Superior Court in June 2009 as part of his twenty-one years to life sentence for second degree murder. He also moves for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Dkts. 2, 7.

II.     **DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(a) uses the term "in custody" twice, with two different requirements. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. *Id.* at 978-79. The second usage (i.e., that the application may be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.* at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. *Id.* at 980.

Petitioner's claims, which are challenging only the restitution component of his sentence, fail to satisfy the second custody requirement because success on the claims might cause the

restitution fine to be set aside but would not affect any restraint on his liberty. *See id.* at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty" as long as he has to serve the rest of his prison sentence in the same manner).

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for want of "in custody" jurisdiction.

Good cause shown, Petitioner's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 is GRANTED. Dkts. 2, 7.

The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket Nos. 2 and 7.

IT IS SO ORDERED.

Dated: June 3, 2020

YVONNE GONZALEZ ROGERS
United States District Judge